O'KELLY v. DAVIS.

1. FRAUD — CANCELLATION OF INSTRUMENTS—DEEDS—EVIDENCE —
   SUFFICIENCY.
     In a suit for the cancellation of certain deeds on the
     ground of fraud, the finding of the court below that the
     facts were with the defendant, and dismissing the bill,
     *held*, justified by the record.

2. HUSBAND AND WIFE—PRINCIPAL AND AGENT.
     Where a wife deeded certain property to her husband for
     the purpose of enabling him to exchange it for a half
     interest in a produce and teaming business, she is not
     entitled to equitable relief, as against her husband's
     grantee, on the ground that he acted as her agent in the
     transaction.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted October 18, 1922. (Docket No. 130.) De-
cided December 5, 1922.

Bill by Harley O'Kelly against Edward B. Davis
to set aside certain deeds on the ground of fraud.
Bessie O'Kelly intervened claiming equitable relief.
From a decree dismissing the bill, plaintiff and inter-
venor appeal. Affirmed.

*John R. Rood,* for appellants.

*James I. Ellmann,* for defendant.

FELLOWS, C. J.   The crucial questions in this case
are of fact rather than of law.   Plaintiff in his bill
alleges former ownership of a house and lot in High-
land Park and a vacant lot in Detroit which he alleges
he was induced to convey to defendant for a half
interest in a produce and teaming business in Troy

township, Oakland county, and that also relying on such representations he later purchased the other half of the business.      He alleges in detail the representations he claims he relied upon and insists they were false and that he was defrauded out of his property. Defendant denies all the allegations of fraud and insists that he did not make the representations alleged, and that all statements made by him during the negotiations were true.      Bessie O'Kelly is the wife of plaintiff.      She asked and was granted permission to intervene in the case.      She insists that the property conveyed by her husband was her property and asks that it be restored to her.      The trial judge found the facts to be with the defendant.      Plaintiff and the intervenor appeal although no brief has been filed by plaintiff.      We shall, however, consider both appeals.

Plaintiff's Appeal.      A careful reading of this record convinces us that the trial judge was right and that the facts are as claimed by defendant.      Mr. Davis had a fairly prosperous business which he expected to give up within a year on account of ill-health.      The year prior to this transaction he did $28,000 of business; he so stated to plaintiff; he did not state to him that that amount was his profit for that year. He had regular customers; he told defendant who they were and what prices he was getting; the statements made by him with reference to the business were all true.      Plaintiff admits his desire to purchase the business or an interest in it.      He admits that for 30 or 40 days he was trying to induce defendant to sell to him.      He says:

"Yes, I had been about 30 or 40 days negotiating with Mr. Davis.      I spent several nights there in an effort to induce him to sell the business.      It took that long, about, for us to get together, we made several bargains but slipped up on them.      The bargains were started along about the last part of January, I think

it was, about the middle of January when Mr. Davis started talking business.

"*Q*. But the first part of January or the latter part of December, you kept on persuading, soliciting and requesting him to sell to you because he had made money enough in it?

"*A*. Yes, sir, I sure did. I had stayed on the farm sometimes a day at a time, and talking with the help —Mrs. Blair, my wife's friend Miss Strong, Dr. Bell, Mr. Sprung, and Mr. Davis."

The disinterested testimony shows conclusively that not only was he importuning defendant to sell but that he was importuning defendant's employees to aid him in making the purchase and that both he and his wife went over the books and had full access to all the information desired. He says:

"Mr. Davis offered me last year's books to look over. I perhaps had them 4 or 5 times of 20 to 30 minutes time. I had every opportunity to inquire of Miss Strong in connection with any item I was interested in particularly. I think she kept the books."

After securing a half interest in the business plaintiff opened negotiations for the other half interest, which he succeeded in purchasing on time. We are satisfied that defendant's business was a prosperous one at the time he sold it to plaintiff but either through lack of sufficient working capital or mismanagement on the part of plaintiff or a change in times it proved unsuccessful in plaintiff's hands. Plaintiff has not established the fraud alleged. The preponderance of the proof is with the defendant. The bill was properly dismissed.

Intervenor's Appeal. There being no fraud on the part of defendant in the transaction intervenor can not be awarded relief on that ground. But she claims that when she deeded the property to her husband she insisted that in the partnership contract between her

husband and Mr. Davis which was prepared at the same time although not then signed by either, Mr. Davis being absent, there should be an agreement on Mr. Davis' part not to engage in the same business. She claims that this clause was a material clause without which she would not have signed the deeds; that Mr. Davis through his agent had knowledge that this clause was put in the partnership agreement upon her insistence; that such clause was afterwards stricken out by Mr. Davis and her husband, and that her husband was her agent, clothed with limited authority of which Mr. Davis had notice through his agent and that she is, therefore, entitled to the restitution of her property by Mr. Davis. We are not persuaded that intervenor's claim can be sustained on this record. The disinterested testimony tends to show that this clause was inserted at the suggestion of the scrivener who drew the papers. Quite likely this claim is an afterthought on her part. But upon the record we do not see any reason to apply the doctrine of agency of the husband for the wife. The plaintiff was not acting as her agent. He was not acquiring the business for her but for himself. When defendant learned that the title to the property was in intervenor, he declined to have any dealings with her. Intervenor testifies:

"He would have no business dealings with any woman whatever; he would not have anything to do with me."

She also says:

"I owned the Highland Park property mentioned in the bill of complaint and also the vacant lot. I transferred them to my husband January 24, 1921."

It is unfortunate for intervenor that she deeded her property to her husband, unfortunate for them both that plaintiff failed to make the success of the busi-

ness that Mr. Davis had. But we fail to find any reason on this record which should require the defendant to respond to either of them.

The decree will be affirmed, with costs of this court.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.